UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH RODRIGUEZ,

                Petitioner,
  v.                                                              9:24-CV-0618
                                                                 (GTS)
SHERIFF, St. Lawrence County Jail,

                Respondent.
_____

APPEARANCES:                                         OF COUNSEL:

KEITH RODRIGUEZ
Petitioner, pro se
32 Gifford Avenue
Apartment 3C
Jersey City, New Jersey 07304

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1 at 1-7, Memorandum of Law in Support ("Pet. Mem."); Dkt. No. 1-1 at 8-26, Exhibits ("Ex."). Petitioner also remitted the statutory filing fee. Dkt. Entry for Pet. dated 05/06/24 (memorializing receipt information from the filing fee transaction).[1]

**II.    THE PETITION**

The present petition is, at best, difficult to decipher.[2] Petitioner indicates that he is a pretrial detainee "attacking the constitutionality of the basis for [his] arrest and the

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.
[2] This is the second habeas corpus action which petitioner has filed in this District. *See Rodriguez v. Bigwarfe*, No. 9:21-CV-1193 (DNH/CFH) ("*Rodriguez I*"). After conducting an initial review, the Court directed petitioner to file an amended

1

proceeding[s] thereon;" however, petitioner fails to identify when he was arrested or how long he has been in pretrial detention at St. Lawrence Correctional Facility.  Pet. at 1-2; *but see* Ex. at 16-17 (indicating that a St. Lawrence grand jury indicted petitioner on July 31, 2020, and he had been unlawfully incarcerated since May 6, 2020).  The status of petitioner's detention is further confused by the return address on the envelope in which the petition was received as it is not an address from a state or county correctional facility.  Dkt. No. 1-2 at 1.

Petitioner indicated that he has been falsely charged by documents which remain unlawfully sealed and filed with the St. Lawrence County Court.  Pet. at 2.  Petitioner identifies that he has been illegally indicted on charges second-degree conspiracy, operating as a major trafficker, first-degree criminal possession of a controlled substance, and third-degree criminal possession of a controlled substance.  *Id.* at 2-3.  During his arraignment, petitioner was represented, and, against petitioner's wishes, his counsel waived a right of the reading and examination of the indictment.  *Id.* at 3.  However, at some point thereafter, petitioner was granted pro se status and permitted to represent himself with the appointed state criminal defense attorney acting as standby counsel.  *Id.* at 5-6.

The prosecution allegedly announced its readiness, Pet. at 3; however, petitioner contends that the State has failed to meaningfully move forward with his case, *id.* at 3-4.  Further, the prosecution has failed to comply with the state court's orders issued during the arraignment proceedings.  *Id.* at 5.

"[P]etitioner has moved the [state c]ourt for an order to dismiss pursuant to CPL 30.30 and CPL 30.20 [for] statutory and constitutional speedy trial [violations,]" and the state court

---

pleading which complied with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), as well as addressing the Court's concerns regarding exhaustion and the *Younger* doctrine, or risk having the case dismissed.  *Rodriguez I*, Dkt. No. 2, Decision and Order.  Petitioner failed to file an amended pleading and, consistent with the Decision and Order, a Judgment was issued dismissing the case.  *Rodriguez I*, Dkt. No. 3, Judgment.

has indicated that it will "rule on the motion the next time the petitioner go[es] before the Court." Pet. at 6. Petitioner states that this is nothing more than a false pretense. *Id.* Petitioner neglected to indicate when the speedy trial motion was filed, when he last appeared in court for his state criminal case, and when he anticipated having his next court appearance. However, petitioner did attach a notice of motion, arguing speedy trial violations, which was dated February 1, 2022. Dkt. No. 1-1 at 15-22. In that motion, petitioner also contends that his previous, unopposed requests before the state court had not yet been decided. *Id.* at 16.

Petitioner also states that, despite prior state court rulings, he has not yet been provided with any relevant discovery for the state criminal matter. Pet. at 7. Accordingly, "petitioner is in the dark and can not [*sic*] determine whether a suppression motion would be appropriate [or] whether a motion to dismiss based on lack of dominion and control might be appropriate or whether any other grounds for relief existed." *Id.*

In addition to arguing that his speedy trial rights have been violated, petitioner also claims that the prosecution's failure to properly file a warrant and charging documents amounted to a Due Process violation. Pet. at 8. Moreover, the prosecution's actions withholding relevant discovery also infringes on petitioner's right to due process. Pet. Mem. at 2. Petitioner "file[d] a petition for the Writ of Mandamus to secure his discovery[; however, t]he petition [is] presently pending because as of this date . . . there was no notice of entry filed." Pet. Mem. at 2; *see also id.* at 5 (explaining that "petitioner made several demands and several motions to secure the discovery pursuant to CPL 245.20 [but] the new . . . discovery was disregard[ed].").

Petitioner "seeks immediate release from custody base[d] upon an unlawful prosecution and extra ordinary [*sic*] circumstances along with an unnecessary delay in the filing of the indictment." Pet. at 9. Petitioner opines that without the undersigned's swift action, he "will continue to languish indefinitely . . . contrary to both the public interest in prompt resolution of . . . the criminal charge along with void orders of the lower State Court[s]." *Id.*

### III.   DISCUSSION

#### A.  Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").  Despite the instant petition seeking relief pursuant to Section 2241, the Habeas Rules still apply.  *See Wilson v. Favro*, No. 9:16-CV-0471 (GTS), 2016 WL 2354271, at *3 n.4 (N.D.N.Y. May 4, 2016) (applying Habeas Rules to § 2241 petitions because, referencing Rule 1(b)'s provisions, the rules may be applied "to a habeas petition not covered by Rule 1(a).").

Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground.  Although petitioner sets forth barebones assertions regarding the grounds of his petition, it otherwise contains no factual basis regarding the procedural history of his underlying criminal conviction or the basis for petitioner's alleged unlawful detention.  The Court will not speculate on the grounds, and supporting facts, being advanced by petitioner.  Each ground he wants to raise in this proceeding, and the facts supporting each ground, must be set forth in the petition itself.

Thus, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order to clarify the factual basis underlying his criminal conviction and present claim.

### B. *Younger* doctrine

Petitioner seeks immediate release and to have the allegedly unlawful indictment dismissed. Essentially, petitioner's request seeks to have the Court intervene in a pending criminal matter, by ordering petitioner's release from custody (despite it appearing as though petitioner has already been released) and dismissing the indictment petitioner contends is unlawful and unsupported.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020). Accordingly, with respect to claims that involve his pending state criminal proceedings, like the state court's jurisdiction or the lawfulness of the indictment, this Court must abstain.[3]

As previously explained to petitioner in *Rodriguez I*, he cannot use a federal habeas action to attempt to circumvent the state criminal trial process. Given the pending criminal matter in St. Lawrence County Court and petitioner's ability to avail himself of various state court remedies, as demonstrated by petitioner's pending speedy trial and discovery motions, this Court is precluded from intervening. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the

---

[3] While the Second Circuit has noted that under certain "unusual circumstance[s]" exceptions to the *Younger* doctrine may apply, *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002), no such circumstances have been argued or otherwise presented here.

appropriate motion in the criminal action." *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020). Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*[4]

### C. Exhaustion

Petitioner has also intimated that his pretrial detention, which allegedly occurred due to false pretenses, has continued too long and constitutes a federal constitutional violation. This claim and prayer for relief is at least presently available to petitioner; however, any such claim still appears premature. Again, as explained in *Rodriguez I*, regardless of whether petitioner makes those challenges right now, as a pretrial detainee, or later, in the event he becomes a convicted state inmate, he would still have to exhaust his challenges in state court. *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2-*3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

Here, petitioner admits that he has two motions pending in state court – a 30.30 motion arguing about a speedy trial violation and a writ of mandamus seeking compliance with a prior court order directing production of discovery. Accordingly, pursuant to petitioner's own representations, he has failed to fully exhaust his remedies before filing the instant petition. *See U.S. ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("Section 2241 does not by its own terms require the exhaustion of state remedies as a

---

[4] While the *Ramos* case involved a petitioner seeking the federal court's involvement, via a federal habeas corpus petition, in a pending federal criminal matter, the undersigned can think of no reason why the same logic would not apply when the petitioner is seeking a federal court's involvement, via a habeas petition, in a pending state criminal matter.

prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Moreover, the speedy trial motion, presently pending and apparently ready for decision at the parties' next court appearance, directly addresses petitioner's present detention and purported delay in going to trial. Therefore, it appears that this exact issue is before the state court and is being considered as federalism intended.

Other than a conclusory line in his memorandum of law indicating that an inordinate delay in bringing a pretrial detainee to trial may result in a constitutional violation, Pet. Mem. at 1, petitioner fails to provide any specific details explaining how his pretrial detention rises to the level of a federal constitutional violation. In sum, "a petitioner may not attempt to litigate constitutional defenses prematurely in federal court." *Blanchard*, 2018 WL 2324054, at *5 (citing cases).

IV.     CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2241 habeas petition for this purpose. **Petitioner shall complete every part of the blank petition. Petitioner shall state the date of his allegedly unlawful arrest and the length of his pretrial detention. Petitioner must also state the date(s) upon which he filed any state court proceedings in which he challenged his pretrial detention and clearly set**

**forth the grounds raised in each application and the date(s) upon which the court(s) decided each application. Petitioner must specify all of the grounds upon which his federal petition is based, including how petitioner has attempted to exhaust his claims, and the facts supporting each ground** in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED** that if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review. No answer to the petition will be required from the respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review his arguments.

Dated: May 23, 2024
Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge